Filed 7/29/25  P. v. Farrell CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DUSTIN BLANE FARRELL,<br><br>    Defendant and Appellant. | F088081<br><br>(Super. Ct. No. CRF71147)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Laura Leslie Krieg, Judge.

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberly A. Donohue, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Appellant and defendant Dustin Blane Farrell was convicted of two counts of felony drunk driving and sentenced to the upper term of three years prison.  On appeal,

defendant first claims the trial court violated his constitutional right to a jury trial by relying on the aggravating circumstance under California Rules of Court, rule 4.421(b)(2),[1] which was not found true by a jury, to increase his sentence. The People agree the court erred but contend any error was harmless. Second, defendant claims the court improperly made dual use of the facts of his prior felony DUI convictions to elevate his offense to a felony and impose the upper term. The People contend this claim was forfeited and that it lacks merit.

We conclude the trial court's error in relying on the aggravating circumstance under rule 4.421(b)(2) was not harmless. As such, we vacate defendant's sentence and remand the matter to give the People an opportunity to try the aggravating facts. In all other respects, we affirm the judgment.

## FACTUAL BACKGROUND

California Highway Patrol Officer Nathaniel Minick was driving when he observed three individuals and two pickup trucks stopped on the shoulder of the road. Mr. Pimentel was in the driver seat of the truck in rear position, C.B. was sitting in the driver seat of the lead truck, and the defendant was standing at the front fender of the lead truck. Officer Minick stopped to offer assistance. The individuals explained they had slid off the road and were having mechanical issues.

Officer Minick first made contact with defendant along the passenger side of the lead truck. Minick detected the odor of alcohol on defendant's breath and observed he displayed signs of intoxication such as red, watery eyes and slurred speech. Defendant repeatedly told Minick that his girlfriend, C.B., had been driving the truck. C.B. also had an odor of alcohol coming from her, appeared very intoxicated and exhibited signs and symptoms of alcohol intoxication. When Minnick told C.B. that defendant said she had been driving, she yelled at defendant who eventually confessed he had been the one

---

[1] Hereinafter, undesignated rules are to the California Rules of Court.

2.

driving. Minick had to evaluate both defendant and C.B. for potentially driving under the influence. Defendant admitted he drank about 12 beers between noon and 7:00 p.m. that day. Based on defendant's performance on the field sobriety tests, Minick determined defendant was under the influence of alcohol and placed him under arrest. Defendant submitted to a breath test, which showed 0.17 percent blood-alcohol level.

## PROCEDURAL BACKGROUND

Defendant was charged with driving under the influence (DUI) of alcohol within 10 years of a felony DUI (Veh. Code,[2] §§ 23152, subd. (a), 23550.5, subd. (a); count 1) and driving with a 0.08% blood-alcohol content within 10 years of a felony DUI (§§ 23152, subd. (b), 23550.5, subd. (a); count 2). It was alleged as to both counts that defendant had a blood-alcohol content of 0.15% or more at 0.17% (§ 23578) and that defendant had the following prior felony DUI convictions under Penal Code section 1203, subdivision (e)(4): April 2010 DUI in Tuolumne County (case No. CRF31537), October 2013 DUI in Mariposa County (case No. SC02CRF1300 11669002), August 2017 DUI in Tuolumne County (case No. CRF53436), and October 2017 DUI in Alameda County (case No. 16CR015724).

The following sentencing allegations pursuant to rule 4.421 were alleged: (b)(1) defendant has engaged in violent conduct that indicates a serious danger to society; (b)(2) defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness; (b)(3) defendant has served a prior prison term in prison or county jail under Penal Code section 1170, subdivision (h); and (c)(1) defendant was out on bail or his own recognizance at the time of the offense in two other felony cases. The information also included a *Watson* advisement warning defendant that if he "continue[s] to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder."

---

**2**     Hereinafter, undesignated statutory references are to the Vehicle Code.

On October 24, 2023, defendant admitted he had the following three prior DUI convictions: 2013 DUI out of Mariposa County, 2017 DUI out of Tuolumne County and a 2017 DUI out of Alameda County.

On November 7, 2023, the jury found defendant guilty of counts 1 and 2, and found true that he drove with a blood-alcohol content of .15% or more for both counts.

On December 21, 2023, the court found the aggravating circumstances under rule 4.421(b)(1), (b)(2) and (b)(3) true and imposed the upper term of three years prison on count 1 and three years imposed but stayed on count 2. Defendant filed a timely notice of appeal on February 16, 2024.

## DISCUSSION

I. TRIAL COURT'S ERROR RELYING ON RULE 4.421(b)(2) IN VIOLATION OF PENAL CODE SECTION 1170, SUBDIVISION (b) WAS NOT HARMLESS.

Defendant contends the trial court erred when it imposed the upper term on counts 1 and 2 "based on its conclusion that [defendant's] priors were of increasing seriousness" which had to be submitted to a jury because it "requires ancillary assessments and comparisons beyond the mere identification of a conviction." The People concede the court erred by relying on aggravating circumstances in violation of Penal Code section 1170, subdivision (b), but argue the error was harmless. We agree the court relied on aggravating circumstances in violation of Penal Code section 1170, subdivision (b) and cannot conclude the error was harmless. We vacate the sentence and remand for further litigation of the aggravating circumstances.

*A. Relevant Factual and Procedural History*

The trial court expressed it was troubled by this case, stating, "[w]hile the conduct in this case may not be the worst facts that the Court has ever read regarding a DUI, what troubles the Court -- what makes this case, in the Court's view, an aggravated case is not so much the facts, but the fact that it is his seventh driving under the influence … [at]

4.

only 40 years old." The court noted there was nothing presented to the court indicating he had worked on the factors or reasoning that kept him in "this position." As such, the court felt defendant "lack[ed] complete insight into [his] addiction, which makes [him] extremely dangerous to society because [he had] been to prison -- not only [had he] suffered six prior DUI's, [he had] been sent to prison on three separate occasions for DUI's." Probation reported that defendant expressed no interest in a residential treatment program or remaining sober.

The court found that "due to the successive nature of these driving under the influence [convictions], that it is an extreme risk to public safety, that indicates -- and I will find the (b)(1) factor to be true; that this kind of conduct that you've been engaging in at least as far back as 2013 -- actually, 2009 was your first DUI out of this county. And then 2013, and then '16 and then '17 and on and on, that you are a serious danger to society. [¶] Until you stop that, that is a serious danger to everybody else on the road. People are killed by DUI's every single day."

The court found the aggravating circumstance under rule 4.421(b)(2) true, that his "prior convictions as an adult are numerous and increasing in seriousness. [¶] The Court views these successive DUI's, every time you get one, more and more serious because as, you know I know, I've advised you of in prior court appearances under *Watson*, if you continue to drink and drive and someone is killed as a result of that drinking and driving, I can absolutely promise you that they will file murder charges on you because of the number of DUI's you have. And then you're looking at 15 to life in prison."

The court also found the aggravating circumstance under rule 4.421(b)(3), that he served a prior term in prison, true.

In imposing the upper term on count 1, the court stated it "found the aggravating factors to be true to support imposing the aggravated term, as [it] previously stated on the record."

5.

*B. Standard of Review*

" 'The proper interpretation of a statute is a question of law we review de novo.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

*C. Applicable Law*

The Sixth Amendment and due process clauses of the Fifth and Fourteenth Amendments require jury determination beyond a reasonable doubt of any sentence-enhancing facts which increase the maximum authorized term, except "the fact of a prior conviction." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 489-490.)

Under Penal Code section 1170, subdivision (b)(1), "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Subdivision (b)(2) explains "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

In the past, California's Supreme Court cases rejected a literal or narrow construction of the fact of a prior conviction and read the exception to include related determinations, such as the "increasing seriousness" of prior convictions under rule 4.421, subdivision (b)(2), which was considered "more typically and appropriately undertaken by a court." (*People v. Black* (2007) 41 Cal.4th 799, 819, overruled by *People v. Wiley* (2025) 17 Cal.5th 1069; *People v. Towne* (2008) 44 Cal.4th 63, 77-82, overruled by *People v. Wiley, supra,* 17 Cal.5th 1069 [includes prior prison term and

commission of an offense while on probation or parole].)  Facts that were considered related to recidivism, such as prior prison terms, status on parole at the time of offenses and poor performance on parole were considered exceptions to the Sixth Amendment jury trial right.  (*Towne,* at p. 79.)

The United States Supreme Court in *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*) recently held that the "prior conviction" exception persists only "as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction.'  [Citation.] Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "  (*Id.* at p. 838.)  Any other determinations regarding a defendant's prior criminal history, including judgments requiring comparisons of the prior offenses and their relationship to one another, come within the core Sixth Amendment jury trial right rather than the narrowly circumscribed "fact of a prior conviction" exception.  (*Ibid.*)

Following *Erlinger*, the California Supreme Court decided *People v. Lynch* (2024) 16 Cal.5th 730 and concluded Penal Code section 1170, subdivision (b)(3)'s "plain language" commands that, "excepting prior convictions and in the absence of a waiver or stipulation, aggravating facts relied upon to justify an upper term must be resolved by the jury beyond a reasonable doubt."  (*Lynch*, at p. 755.)  It explained, the "current statute specifically empowers the court to choose an upper term only if the facts supporting each aggravating circumstance on which it relies have been resolved by the jury or otherwise established as the statute allows."  (*Id*. at p. 757.)

*D. Analysis*

Defendant only challenges the trial court's reliance on the aggravating circumstance that defendant's prior convictions were of increasing seriousness under rule 4.421(b)(2) and therefore, we limit our analysis to this factor.

It is undisputed that the court did not comply with Penal Code section 1170, subdivision (b) when it found true the aggravating circumstance that defendant's prior convictions were numerous and of increasing seriousness. Before trial, defendant admitted he had suffered three prior felony DUI convictions within 10 years: a Tuolumne County conviction in 2017, an Alameda County conviction in 2016[3], and a Mariposa County conviction in 2013. A certified RAP sheet was presented to the court at the time of sentencing which listed three additional previous DUI convictions. Based on this information the court concluded that defendant's convictions were of increasing seriousness. In so concluding, the court went well beyond the narrow confines of determining the fact of defendant's prior convictions. It engaged in an analysis of whether multiple DUI convictions could be considered as increasing in seriousness, regardless of the facts involved, which goes beyond the basic fact of the convictions alone. The court also made judgments about whether a prior *Watson* admonition would cause a subsequent DUI conviction to be considered more serious.

The parties agree, as does this court, that Fifth and Sixth Amendment principles prohibit the trial court from having made the aggravating circumstance finding that defendant's prior convictions were of increasing seriousness without following the procedures set forth in Penal Code section 1170, subdivision (b). As explained in *Erlinger,* judges are permitted under the section 11720, subdivision (b)(3) exception to find "only 'the fact of a prior conviction' " and " 'do no more.' " (*Erlinger*, *supra*, 602 U.S. at p. 838.) We conclude the trial court erred when it went beyond the fact of the existence of prior convictions, and made factual findings based on the prior convictions that they were increasing in seriousness.

---

[3] The Alameda County DUI conviction had a sentencing date of October 31, 2017.

*Harmless Error*

Where a trial court relied on facts not proven in compliance with Penal Code section 1170, subdivision (b) to impose the upper term, the sentence must be vacated and the matter remanded unless we conclude beyond a reasonable doubt that the jury would necessarily have found the facts underlying every circumstance in aggravation relied upon by the trial court true beyond a reasonable doubt. (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761, 775.) "In making this determination, we may ' "examine[ ] what the jury necessarily did find and ask[ ] whether it would be impossible, on the evidence, for the jury to find that without also finding the missing fact as well." [Citation.] In other words, if " '[n]o reasonable jury' " would have found in favor of the defendant on the missing fact, given the jury's actual verdict and the state of the evidence, the error may be found harmless beyond a reasonable doubt.' [Citations.] We may also find the omission harmless if we can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Id*. at p. 775, italics omitted.)

Our Supreme Court in *Lynch* "cautioned that a prejudice analysis following a change in the law respecting proof of aggravating circumstances 'can be problematic. The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance. [Citation.] ... "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." [Citation.] ... "Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts." ' " (*Lynch*, *supra*, 16 Cal.5th at pp. 775-776.)

Here, the court primarily relied on aggravating circumstances under rule 4.421(b)(1) and (b)(2) to justify imposing the upper term. The court determined that

9.

defendant posed an "extreme risk to public safety" based on "the successive nature of these driving under the influence" convictions dating back to 2009, finding defendant to be a "serious danger to society" under factor (b)(1). This is not challenged by defendant. Nor does he challenge that he had previously served two separate prison terms under rule 4.421(b)(3), which is supported by the record. Although defendant does not dispute that a reasonable jury would have found aggravating circumstances under rule 4.421(b)(1) and (b)(3) true, we must "conclude beyond a reasonable doubt that a jury would have found true *all* of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (See *Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761, italics added.) This is especially true here where the court appeared to rely more heavily on the aggravating circumstance at issue under rule 4.421(b)(2), that defendant's prior convictions were numerous and increasing in seriousness.

The question of whether defendant's successive DUI convictions are increasing in seriousness rests on a vague and subjective standard. The court found this factor true based on its view that each successive DUI conviction was more and more serious, stating, "if you continue to drink and drive and someone is killed as a result of that drinking and driving, I can absolutely promise you that they will file murder charges on you because of the number of DUI's you have." However, the record does not reflect all of the evidence that could have been presented to the jury to contest the aggravating circumstance. At a trial, defendant could present facts or circumstances surrounding prior DUI convictions. This court acknowledged the defendant's conduct in this case was not "the worst facts that the Court has ever read regarding a DUI". Therefore, it is difficult to conclude with any confidence that a jury would have assessed defendant's previous DUI convictions the same way as the trial court.

Whether a jury would find defendant's prior convictions numerous also requires "imprecise quantitative or comparative evaluation of the facts" making it difficult for this

court to assess what a jury would determine. (See *Lynch*, *supra*, 16 Cal.5th at pp. 775-776.) Here, defendant had six prior DUI convictions. Whether six DUIs from 2006 to 2017 is "numerous" is a subjective determination. A jury may also find relevant the fact that defendant's last DUI conviction was in 2017, six years before the present 2023 conviction.

Based on this record, we cannot conclude beyond a reasonable doubt that a jury would have found true that defendant's prior convictions were numerous and increasing in seriousness. "Because we cannot find the omission of a jury trial harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper term, [defendant's] sentence must be reversed." (See *Lynch*, *supra*, 16 Cal.5th at pp. 775-776, original italics.) We remand the matter and give the People an opportunity to retry the aggravating facts. (See *Lynch*, *supra*, 16 Cal.5th at pp. 776-778.)

## II.    DUAL USE

Defendant contends it was an improper dual use of facts for the trial court to impose the upper term on counts 1 and 2 based on his prior convictions when his prior convictions were already used to elevate the offenses to felonies. Defendant concedes that he failed to raise this claim below but contends the court should consider this claim because it violates his constitutional right to due process. Alternatively, defendant claims his counsel was ineffective for failing to object below. The People contend the claim is forfeited for failure to object at the trial court. The People also argue the claim lacks merit and as such, his counsel was not ineffective for failing to raise the issue below. We agree defendant forfeited this claim and that regardless, the claim lacks merit.

*A. Relevant Procedural History*

The information alleged that defendant suffered three felony DUI convictions within 10 years: a Tuolumne County conviction in 2017, an Alameda County conviction in 2016, and a Mariposa County conviction in 2013. Prior to trial, defendant admitted the truth of these convictions as alleged.

11.

After a jury trial, defendant was found guilty of both counts of DUI within 10 years of a prior felony DUI conviction.

At sentencing, the court received defendant's certified RAP sheet, which showed defendant had six prior DUI convictions. The court relied on defendant's six prior DUI convictions in finding true the aggravating circumstances that he engaged in violent conduct indicating a serious danger to society, that his prior convictions were numerous and of increasing seriousness, and that he had served a prior prison term. (See rule 4.421(b)(1), (b)(2) & (b)(3).)

When the court imposed the upper term of three years on defendant, it stated: "While the conduct in this case may not be the worst facts that the Court has ever read regarding a DUI, what troubles the Court -- what makes this case, in the Court's view, an aggravated case is not so much the facts, but the fact that it is his seventh driving under the influence ... not only have you suffered six prior DUIs, you have been sent to prison on three separate occasions for DUIs."

Defense counsel did not object to the court's reliance on defendant's prior convictions to impose the upper term. Defense counsel did not object that the trial court made impermissible dual use of any facts.

*B. Applicable Law*

Penal Code section 1170, subdivision (b)(5), provides in relevant part that "[t]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." Similarly, rule 4.420(h) provides that "[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term."

*C. Analysis*

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) This rule includes " ' "claims

involving the trial court's failure to properly make or articulate its discretionary sentencing choices" ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406; see *In re Sheena K.*, at p. 881.)  " 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.' " (*In re Sheena K.*, at p. 881.) "It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. … ' " 'The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them.  If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.' " ' [Citation.]" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

Defendant concedes that he failed to raise this issue below, which forfeits his claim on appeal.  Despite this failure, defendant contends his claim is cognizable because the court's improper dual use of factors violates his constitutional right to due process. However, "claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) This category includes claims of dual use of facts, or "cases in which the court purportedly erred because it double-counted a particular sentencing factor...." (*Id*. at p. 353.)  Therefore, defendant forfeited his dual use claim.

Even considering the merits of defendant's claim, we conclude the trial court did not improperly rely on a dual use of facts to impose defendant's sentence.  We agree with the People that *People v. Forster* (1994) 29 Cal.App.4th 1746 (*Forster*) is on point with the facts of this case and agree with its reasoning.

In *Forster*, the defendant was convicted of drunk driving and admitted he had three prior similar offenses, which elevated his conviction to a felony.  (*Forster*, *supra*, 29 Cal.App.4th at p. 1750.)  At sentencing, the court imposed the upper term of three years.  (*Ibid*.)  On appeal, the defendant contended the trial court erred by "improperly

making dual use of facts" in imposing the upper term. (*Id.* at p. 1758.) The court rejected this claim, explaining that "the elevation of the driving under the influence offense to a felony under section 23175 required only three prior convictions of driving under the influence. Forster had more than three prior driving under the influence convictions; the probation report lists at least seven prior driving under the influence convictions. Thus, there was a surplus of pertinent prior convictions sufficient to establish a violation of section 23175 as well as to constitute a valid factor in aggravation, without the purported overlapping or impermissible dual use of facts claimed by Forster." (*Ibid.*)

Here we have similar facts: defendant had six prior DUI convictions, including three felony convictions within 10 years. Under section 23550.5, subdivision (a), only one felony DUI conviction is required to elevate a current offense to a felony. As such, defendant had a surplus of DUI convictions available to aggravate his sentence to the upper term: two out of the three felony DUI convictions he admitted, and three older DUI convictions per his certified RAP sheet. As such, defendant fails to demonstrate the trial court impermissibly relied on a "dual use" of his prior DUI conviction.

Accordingly, defendant's alternative claim of ineffective assistance of counsel for failing to object to the trial court's dual use of facts fails. In order to demonstrate ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009; see *Strickland v. Washington* (1984) 466 U.S. 668, 687–688.) Since defendant fails to demonstrate the trial court improperly made dual use of facts to impose the upper term, he cannot show that his counsel was ineffective for failing to object. (See *Strickland*, *supra*, 466 U.S. at pp. 696 [burden on defendant].) Any objection by counsel that the court made improper dual use of facts would have been frivolous and would not have

changed the outcome.  (See *People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions."].)

## DISPOSITION

We vacate defendant's sentence and remand the matter to give the People an opportunity to try the aggravating circumstances in accordance with Penal Code section 1170, subdivision (b).  In all other respects, we affirm the judgment.


                                                              FRANSON, Acting P. J.

WE CONCUR:


PEÑA, J.


SNAUFFER, J.

15.